IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| RICHIE BURKE, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | No. 5:14-cv-00118 (MTT) (CHW) |
| | : | |
| Warden DONALD BARROW, | : | Proceedings Under 28 U.S.C. § 2254 |
| | : | Before the U.S. Magistrate Judge |
| Respondent. | : | |
| | : | |

**REPORT AND RECOMMENDATION**

Petitioner Richie Burke, has filed a Petition for habeas corpus relief under 28 U.S.C. § 2254. Respondent Donald Barrow filed a motion to dismiss Petitioner's Petition as untimely and unexhausted according to the provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). 28 U.S.C. § 2244(d). After taking judicial notice of Petitioner's Motion to Vacate filed in Baldwin County Superior Court, this Court ordered Respondent to supplement the record and address Petitioner's Motion to Vacate. Doc. 16. Respondent timely filed both a Supplemental Memorandum and Exhibit in Support. Docs. 17, 18. The record, upon review, shows that Petitioner failed to file his Petition within AEDPA's 1-year period of limitation, and because Petitioner is not entitled to equitable tolling, it is **RECOMMENDED** that Respondent's Motion to Dismiss as Untimely (Doc. 11) be **GRANTED**.

**DISCUSSION**

Petitioner's Section 2254 petition relates to three different criminal convictions by jury trial: one count of child molestation (count 1); one count of enticing a child for indecent purposes (count 2); and one count of criminal attempt to commit child molestation (count 3).

1

Petitioner was indicted on the counts above in the Superior Court of Baldwin County. Doc. 1, p. 1. Petitioner originally waived formal arraignment and entered a not guilty plea. Doc. 15-1, p. 5. On October 4, 2010, Petitioner appeared before the Hon. Hugh V. Wingfield, III and entered a negotiated guilty plea of guilty to the lesser offense of Sexual Battery on count 1. Counts 2 and 3 of the indictment were dismissed. *Id.* Petitioner was sentenced to five (5) years probation on October 4, 2010. *Id.* However, on October 8, 2010, while meeting with the intake probation officer, Petitioner was advised that he would be registered as a sex offender. *Id.* at 6. Later on October 8, 2010, Petitioner's counsel filed a Motion to Withdraw Plea of Guilty which was granted by Hon. James L. Cline, Jr. on the same day. *Id.*

On December 7, 2010 Petitioner proceeded to a jury trial and was found guilty on all counts. *Id.* The court sentenced the defendant to fifteen years each on counts 1 and 2, ten years on count 3, all counts to run concurrent for a total of fifteen years. *Id.* Petitioner timely filed a Motion for New Trial on December 27, 2010, and amended on May 6, 2011. *Id.* The Motion for New Trial was denied on July 26, 2011. *Id.*

Petitioner timely appealed on August 9, 2011, (*Id.*), and the Georgia Court of Appeals affirmed his conviction on June 26, 2012. *See Burke v. State*, 316 Ga. App. 386. Petitioner did not move for rehearing or file any notice of intent to seek certiorari review within ten days as required by Rule 38 of the Supreme Court of Georgia. On June 27, 2013, Petitioner filed a motion to vacate judgment and conviction in the Superior Court of Baldwin County. Doc. 16-1. The Superior Court denied the motion on August 23, 2013. Doc. 16-1, p. 11. Petitioner filed an untimely application for discretionary appeal on November 21, 2013. Doc. 18-1.

Petitioner filed his federal petition on March 26, 2014. Doc. 1.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a 1-year limitations period on petitioners for habeas corpus relief under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d)(1). Ordinarily, as here, AEDPA's 1-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Respondent contends that Petitioner's convictions were "final" on or about July 6, 2012, "as that is the date on which his time for seeking further appellate review expired." Doc. 17, p. 5. Thus, the one-year limitations period for filing a federal habeas petition commenced on July 6, 2012, the date on which the judgment became final by expiration of the time to seek direct review, and ended on July 6, 2013.[1] *See* 28 U.S.C. § 2244(d)(1).

However, Petitioner's motion to vacate void and illegal sentence and judgment ("post-conviction motion"; Doc. 16-1), which he filed in Baldwin Superior Court on June 27, 2013, may have tolled the federal one-year limitations period. *See Estes v. Chapman*, 382 F.3d 1237, 1238–39 (11th Cir.2004) (holding that Georgia prisoner's motion to vacate illegally imposed sentence was a "properly filed application for State post-conviction ... review" where it was filed before the Georgia Supreme Court's decision in *Wright v. State*, 277 Ga. 810, 596 S.E.2d 587 (Ga. 2004), which stated such relief cannot be obtained in criminal cases); *but see Harper v. State*, 286 Ga. 216, 686 S.E.2d 786, 786–87 (Ga. 2009) (overruling conflicting precedent and holding that "a petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case"). The Court need not decide whether Petitioner's post-conviction motion tolled the limitations period, however, because even if it did Petitioner's federal petition is still untimely, as shown by Respondent's supplemented exhibit.

---

[1] The one-year period is calculated using the "anniversary method, under which the limitations period expires on the anniversary of the date it began to run," i.e., the same day of the same month in the following year. *Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008) (quotation marks omitted).

Nine days remained in the limitations period when Petitioner filed the post-conviction motion on June 27, 2013. The post-conviction motion was pending until August 23, 2013, when the Superior Court denied the motion. The limitations therefore began to run again on September 23, 2013, when Petitioner's time to file a discretionary application to the Court of Appeals ended. O.C.G.A. § 5-6-35(d). As Petitioner untimely filed his discretionary application on November 21, 2013, his conviction became final (assuming the post-conviction motion tolled the period) on October 2, 2013, nine-days after the application period expired. Petitioner did not file his federal habeas petition until March 26, 2014, more than five months after the limitations period expired, even if his post-conviction motion tolled the limitations period.

Thus, absent application of equitable tolling or a showing that Petitioner is actually innocent of the crime for which he was convicted, Petitioner's federal habeas petition is untimely and should be dismissed under Rule 4. *See Day v. McDonough*, 547 U.S. 198, 209–10, 126 S.Ct. 1675, 164 L.Ed.2d 376 (2006) (holding that district courts may *sua sponte* dismiss a habeas petition as untimely after affording the parties fair notice).4 Petitioner has provided no argument or evidence suggesting that either of those exceptions apply here. *See generally* Doc. 1.

## CONCLUSION

Because Petitioner failed to file his federal habeas corpus petition within AEDPA's 1-year limitations period, and because Petitioner is not entitled to equitable tolling, it is **RECOMMENDED** that Respondent's Motion to Dismiss (Doc. 11) be **GRANTED**, and that the instant petition be **DISMISSED**. Additionally, Pursuant to the requirements of Rule 11 of the rules governing Section 2254 cases, it does not appear that Petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Therefore, **IT IS FURTHER RECOMMENDED** that

4

the Court deny a certificate of appealability in its final order. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the district judge to whom this case is assigned within fourteen (14) days after being served with a copy thereof.

    **SO RECOMMENDED**, this 12th day of January, 2015.

                                            s/ Charles H. Weigle
                                            Charles H. Weigle
                                            United States Magistrate Judge