IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| RICHIE BURKE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:14-CV-118 (MTT) |
| ) | |
| Warden DONALD BARROW, ) | |
| ) | |
| Respondent. ) | |
| ) | |

### ORDER

Before the Court is the Recommendation of Magistrate Judge Charles H. Weigle. (Doc. 19). The Magistrate Judge recommends granting the Respondent's motion to dismiss the Petitioner's application for writ of habeas corpus as untimely. (Docs. 1; 11). The Magistrate Judge also recommends that the Court deny a certificate of appealability. The Petitioner has objected to the Recommendation. (Doc. 20). Pursuant to 28 U.S.C. § 636(b)(1), the Court has considered the Petitioner's objection and has made a de novo determination of the portions of the Recommendation to which the Petitioner objects.

In his objection, the Petitioner contends the Magistrate Judge erred in failing to consider whether he was entitled to equitable tolling. As noted in the Recommendation, AEDPA requires that petitions for habeas corpus relief pursuant to 28 U.S.C. § 2254 be filed within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The Supreme Court has held AEDPA's one-year limitation may

be subject to equitable tolling in appropriate cases. *Holland v. Florida*, 560 U.S. 631, 645 (2010). For equitable tolling to apply, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 649 (internal quotation marks and citation omitted). A petitioner must also show a "causal connection between the alleged extraordinary circumstances and the late filing of the petition." *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011) (citing *Lawrence v. Florida*, 421 F.3d 1221, 1226-27 (11th Cir. 2005)). "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Id.* (quoting *Holland*, 560 U.S. at 653) (internal quotation marks omitted).

Here, the Georgia Court of Appeals affirmed the Petitioner's conviction on June 26, 2012, and the time for him to file a notice of intention to apply for certiorari in the Georgia Supreme Court expired ten days later on July 6, 2012. (Doc. 15-2); Ga. Sup. Ct. R. 38(1). Thus, the Petitioner had until July 6, 2013, to timely file his federal petition. The Petitioner filed a "motion to vacate judgment and conviction and re-instate original plea" in the trial court on June 27, 2013, and the trial court denied the motion on August 26, 2013.[1] (Doc. 16-1). The Georgia Court of Appeals dismissed the Petitioner's application for discretionary appeal on December 16, 2013, because it was untimely filed on November 21, 2013. (Doc. 18-1); O.C.G.A. § 5-6-35(d).

---

[1] The order was signed on August 23, 2013, but was filed on August 26, 2013. Thus, August 26 is the operative date for purposes of filing a discretionary appeal. *See* O.C.G.A. § 5-6-35(d) (applications for discretionary appeals must be filed "within 30 days of the entry of the order" being challenged); Ga. Ct. App. R. 32(b) ("Entry of the trial court's order shall be the date it is filed with the trial court clerk.").

The Magistrate Judge found that even assuming the Petitioner's motion to vacate his conviction statutorily tolled AEDPA's limitations period,[2] the Petitioner's § 2254 petition is still untimely.  As noted in the Recommendation, AEDPA's limitations period would not have been statutorily tolled during the pendency of the Petitioner's untimely application for discretionary appeal, even if his motion to vacate tolled the period.  Because there were nine days of the limitations period remaining when the Petitioner filed his motion, and because the statute began to run again on September 25, 2013 (the deadline for the Petitioner to *timely* file an application for discretionary appeal),[3] the Petitioner had until October 4, 2013, to file his federal petition.  But he did not file it until March 26, 2014.[4]

The Recommendation states the Petitioner has made no argument he is entitled to equitable tolling.  However, in the section of his petition instructing him to explain why AEDPA's one-year statute of limitations does not bar his petition if his judgment of conviction became final more than one year ago, the Petitioner states he "was barred from access to his case files, court records and or transcripts of all proceedings until after more than one year from the date, i.e., June 26, 2012, of the conclusion of the

---

[2] This is a generous assumption.  See *Harper v. State*, 286 Ga. 216, 218, 686 S.E.2d 786, 787 (2009) (overruling prior precedent and holding a motion to vacate a judgment of conviction is not an appropriate remedy in a criminal case).

[3] The Magistrate Judge actually found that the statute began to run again on September 23, 2013, and that the Petitioner had until October 2, 2013, to file his federal petition.  But, as discussed above, August 26 was the operative date from which the time to appeal ran.  Thus, the Petitioner had until 30 days later—September 25, 2013—to apply for discretionary appellate review.

[4] Though a prisoner's § 2254 petition is generally considered filed on the date he presents it to prison officials for mailing, the Petitioner has not provided the date he presented his petition to prison officials. *See Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999) (applying prison mailbox rule to § 2255 motion to vacate).  Because the petition is also not dated, the only date the Court has to go by is the date on which the petition was received by the clerk's office.  The Petitioner has not objected to the use of this date.

direct appeal." (Doc. 1 at 13). Thus, it cannot fairly be said the Petitioner did not make an argument he was entitled to equitable tolling.

In his objection, the Petitioner advances a different argument: he claims he is entitled to equitable tolling because he timely mailed his application for discretionary appeal to an old Georgia Court of Appeals address. "This appeal [was] never return[ed] back" to him, and instead the Court of Appeals told his wife to tell him to mail his application for discretionary appeal to the correct address. After he received the Court of Appeals' order dismissing his application for discretionary appeal, he moved for reconsideration. It was only after the Court of Appeals ruled on his motion for reconsideration that he filed his federal habeas petition. It appears the Petitioner attempted to raise this equitable tolling argument before in a document entitled "In Response to Demonstration" filed before the Respondent's motion to dismiss. (Doc. 8). In this document, the Petitioner explains he mailed his application for discretionary appeal to an address other inmates had successfully used. When he did not get a response, he had his wife call the clerk. The clerk advised her of the correct address, and the Petitioner re-sent the application for discretionary appeal. The Petitioner also reiterated this argument, albeit briefly, in his response to the Respondent's motion to dismiss: "Petitioner has shown why his discretionary review appeal was considered untimely. … Petitioner used 433 Judicial Bldg. which is in same building of Suite 501, 47 Trinity Avenue of Atlanta, Ga 30334." (Doc. 14 at 2).

Even considering both arguments, however, the Court concludes the Petitioner has not shown he is entitled to equitable tolling. As to the argument raised in his petition that he did not have access to his trial court materials until more than one year

after his conviction became final, the Petitioner has failed to show he exercised reasonable diligence.  He does not allege any steps he took to obtain his legal materials and simply makes the conclusory assertion he was "barred from access" to them.  Thus, he has not shown he is entitled to equitable tolling on this ground.

The Petitioner has likewise failed to show he is entitled to equitable tolling because he sent his application for discretionary appeal to the wrong address.  Mistakenly sending a court filing to the wrong address, unaccompanied by any allegation the Petitioner was affirmatively mislead as to the correct address, does not constitute an "extraordinary circumstance."  Compare *Hill v. Jones*, 242 F. App'x 633, 636 (11th Cir. 2007) (no equitable tolling based on petitioner's misaddressing his notice of appeal), *with Spottsville v. Terry*, 476 F.3d 1241, 1245-46 (11th Cir. 2007) (petitioner entitled to equitable tolling because state habeas court instructed him to file his application for a certificate of probable cause in the wrong court).  Further, the Petitioner has not shown he was reasonably diligent in pursuing his rights.  He has not alleged any steps he took to protect his rights during the period between his conviction becoming final and his filing the motion to vacate nine days before AEDPA's limitations period expired.  For both of these reasons, the Petitioner has failed to show he is entitled to equitable tolling.

The Court has reviewed the Recommendation, and the court accepts the findings, conclusions, and recommendations of the Magistrate Judge, except with regard to the determination that the Petitioner did not previously argue he was entitled to equitable tolling.  The Recommendation is **ADOPTED as modified** and made the

order of this Court. Accordingly, the Respondent's motion to dismiss (Doc. 11) is **GRANTED**, and the petition is **DISMISSED** as untimely.[5]

## CERTIFICATE OF APPEALABILITY

A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). As amended effective December 1, 2009, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a [COA] when it enters a final order adverse to the applicant," and if a COA is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."

Pursuant to 28 U.S.C. 2253(c)(2), a COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." This requires a demonstration that "jurists of reason could disagree with the district court's resolution of [a petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). When the Court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, as in this case, the petitioner must show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling"; and (2) "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*,

---

[5] Though the Magistrate Judge recommends granting the Respondent's motion to dismiss, there is also an erroneous suggestion in the Recommendation that the petition should be dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases, which permits a court to dismiss a petition without ordering the respondent to file a response "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." It is clear the petition in this case is properly dismissed pursuant to the Respondent's motion.

529 U.S. 473, 484 (2000). The Petitioner has not made these showings. Therefore, the Petitioner is **DENIED a COA**. Additionally, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. See 28 U.S.C. § 1915(a)(3). Accordingly, any motion to proceed *in forma pauperis* on appeal is **DENIED**.

    **SO ORDERED,** this 10th day of March, 2015.

                      S/ Marc T. Treadwell
                      MARC T. TREADWELL, JUDGE
                      UNITED STATES DISTRICT COURT